UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

REBEKAH A. ATKINS     Plaintiff

v.     Civil Action No. 3:21-cv-470-RGJ

CHIEF JUDGE GREG N. STIVERS, *et al.*     Defendants

\* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Rebekah A. Atkins, proceeding *pro se*, filed this action against each of the district court and magistrate judges of the Western District of Kentucky (DN 1).[1]  For the reasons stated herein, the Court will dismiss the action.

### I.

The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* by separate Memorandum and Order entered this date.  Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Plaintiff argues that her complaint "isn't to be screened severely like a \*prisoner\*!" and cites *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017), in support.  However, in that case, the plaintiff was not proceeding *in forma pauperis*; the filing fee had been paid.  "The Court must screen complaints filed by non-prisoners who are proceeding *in forma pauperis*." *Jenkins v. Scotta*, No. 17-11781, 2019 U.S. Dist. LEXIS 193336,

---

[1] In the "Defendants" portion of the complaint, Plaintiff also indicates that she may be naming as Defendants "Unknown or unnamed not yet discovered or refused to identify[,] All staff, Administrative, Assistants, clerk, and Deputy Clerks[,] Gene Snyder United States Courthouse." (Compl. at p. 3).  However, she does not enumerate them as Defendants as she does the other Defendants and does not list unknown Defendants in the complaint caption.  In addition, the complaint contains a header stating, "Ms. Atkins' Civil Complaint against Federal Judges." Therefore, the Court construes the complaint as being brought against the judges only.

at *3 (E.D. Mich. Aug. 20, 2019) (citing *McGore* and § 1915(e)(2)), *report and recommendation adopted*, No. 2:17-cv-11781, 2019 U.S. Dist. LEXIS 165162 (E.D. Mich. Sept. 26, 2019).

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments

and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.

In the complaint (DN 1), Plaintiff states that she needs access to the electronic database PACER[2] through "public-access terminals," which she alleges are "supposed to be located in the Lobby of each and every Federal Clerk's Offices for the access and usage of by the Public for PACER Nation-Wide & U.S. Territories, searchable, viewable, accessibility free of charges thereof." Compl. ¶ 2. She asserts that "the Western District of Kentucky both the District clerks and the Bankruptcy clerks under these judges' orders refuses to provide to Public Persons & Ms. Atkins; access to the federal official electronic court system–PACER, PACER's Public Access Terminals." *Id.* ¶ 3. Plaintiff alleges that "the U.S. District Court-Western District of Kentucky both the District clerks and the Bankruptcy clerks under these judges' orders shut down-sign-out of the federal government computer system to specifically deny Ms. Atkins of all access to the federal courts' official PACER" and "the Western District of Kentucky both the District clerks and the Bankruptcy clerks under these judges' orders shuts down the office and refuses to work when Ms. Atkins is in the office." *Id.* ¶¶ 4–5.

Plaintiff further asserts that the district court and bankruptcy clerks "under these judges'/defendants' orders loads a *FAKE OFFLINE SYSTEM*" and "then attempts to allege to [Plaintiff] that the clerks only have ECF/CM for the western district/bankruptcy court on the public access terminals for the public to access; that's all period." *Id.* ¶ 7. Plaintiff states that "the Federal Courts of U.S that all Federal courts'/judges' Clerks' Offices are to have PACER's Public Access Terminals for the Public and Ms. Atkins's Access thereof free of charge to search, view and obtain

---

[2] PACER is the acronym for Public Access to Court Electronic Records. PACER provides electronic access to records and documents filed in the federal courts.

case information Nationwide." *Id*. ¶ 8. She maintains that "every single employee of the clerks' offices under these judges' orders/control is trained to engage in denying Public persons and Ms. Atkins's access to PACER PACER's Public Access Terminals." *Id*. ¶ 9.

Plaintiff further asserts that on July 15, 2021, she "went to this respective Public Federal Building to attend a Public Court hearing and to go to the clerk's offices; for official access to PACER; the defendants have conspired to set-up and apparently run the office to specifically deny Ms. Atkins of all Access thereof." *Id*. ¶ 22. She states that it "[a]ppears the Defendants have verbally ordered that Ms. Atkins is to be denied entrance into the public Federal Building now and henceforth." *Id*. She maintains that Defendants have denied her "entry to the entire public Federal Building which houses other Federal government offices and also houses the * Gene Snyder United States Courthouse * Western District of Kentucky Courts, federal judges, federal clerk's office." *Id.* ¶ 38. Plaintiff further alleges that Defendants "systematically illicitly engage in Intimidation, harassment, threats, coercion, and interference with/against Ms. Atkins's (a Victim/Witness/ Complainant/litigant) access to the Courts." *Id*. ¶ 44.

Plaintiff goes on to assert fifteen claims for relief and to cite numerous federal cases and statutory provisions, most all of which have already been rejected in Plaintiff's prior suit against this Court's Clerk of Court, the Bankruptcy Court's Clerk of Court, and over forty staff members of the two offices. *See Rebekah Atkins v. James J. Vilt, Jr.*, Civil Action No. 3:21-cv-295-BJB, DNs 9 and 10.

### III.

### *A. Claims under federal common law*

The Court construes the complaint as alleging that Defendants have ordered the district court and bankruptcy court clerks' offices' staff to refuse her access to PACER at their offices'

4

public terminals and to not allow her to search cases nationwide; that they have ordered the district and bankruptcy clerks to load a "FAKE OFFLINE SYTEM" to which she has access; that they have conspired with others and "verbally ordered" that she be denied entrance to the courthouse; and that they have engaged in "[i]ntimidation, harassment, threats, coercion, and interference with" her access to the courts.

The law recognizes a right to access federal court records. "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted)). However, that right is not as absolute and broad as Plaintiff asserts it to be. *See id.* ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute."). Plaintiff cites a number of cases, but they are distinguishable from her claims because the cases she cites involved particularized requests for specific (and often sealed or protected) documents.[3] None of the cases she cites concern access to all federal court documents, which are available to anyone with a PACER account. Plaintiff does not explain why she cannot register for a PACER account, which would allow her to search from any computer with internet access free of charge, or why, if she must use the clerk's office public terminals, she needs access to PACER records from all over the country. Nor does she give any factual basis for her allegation that Defendants

---

[3] Plaintiff cites the following cases: *Nixon,* 435 U.S. at 597 (television networks sought access to recordings introduced during a criminal trial); *Smith v. U.S. Dist. Court Officers*, 203 F.3d 440, 441-42 (7th Cir. 2000) (plaintiff sought copies of audiotapes of proceedings in his criminal case tried in federal court); *San Jose Mercury News v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1102-03 (9th Cir. 1999) (newspaper sought investigatory report commissioned by the city in connection with a sexual harassment suit); *In re Assoc. Press*, 162 F.3d 503, 505 (7th Cir. 1998) (press organizations petitioned for access to specific sealed records from a criminal case); *United States v. Smith*, 123 F.3d 140, 143-44 (3d Cir. 1997) (newspapers requested access to sealed materials in a criminal case regarding a state-lottery kickback scheme); *Smith v. U.S. Dist. Ct. for S. Dist. of Ill.*, 956 F.2d 647, 648 (7th Cir. 1992) (plaintiff sought access to a memorandum sent by the Clerk of the Court to all of the judges in the district); *Matter of Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1304 (7th Cir. 1984) (newspapers sought report of special litigation committee in a shareholder-derivative suit).

ordered staff of the clerks' offices to load a "FAKE OFFLINE SYSTEM" on to its PACER terminals. *See Iqbal*, 556 U.S. at 678 (holding that the court is not required to accept "'naked assertion[s]' devoid of 'further factual enhancement[]'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557).

Plaintiff also cites "Local Rule 5.8" in connection with her allegations concerning access to PACER. However, this appears to be a local rule from the Southern District of Indiana, which this Court has not adopted. Plaintiff cites no local rule of this Court which provides that the public PACER terminals must give access to cases nationwide.

With regard to Plaintiff's allegations that Defendants ordered that she be denied entrance to the courthouse, while complete denial of access to a courthouse may state a constitutional violation, Fed. R. Civ. P. 8(a) requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of her duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [her] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which she complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). The pleading standard set forth in Rule 8 "'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557).

Plaintiff alleges that on July 15, 2021, she went to the Gene Snyder Courthouse in Louisville, Kentucky, to attend a hearing and to go to the clerk's offices to access PACER. She asserts that "Defendants" ordered that she be denied entrance to the building. Defendants are eight district court judges and four magistrate judges, five of whom do not have chambers located in Louisville. Construing her allegation that she was denied entrance to the courthouse on July 15, 2021, as true, Plaintiff does not make any specific allegation of personal involvement by any judge, provide any facts as to how or why all twelve judges would have simultaneously denied her entrance to the building, state to whom any judge would have directed any such order, or state on what basis she believes that it was in fact any of the Defendants who caused her to be denied entrance to the building. Nor she does state what hearing she was attempting to attend that day.[4] Upon review, Plaintiff's allegations that Defendants denied her entrance to the courthouse are wholly conclusory and do not contain sufficient factual enhancement to state a claim for relief.

Moreover, Plaintiff's allegation that Defendants conspired with others to deny her access to the courthouse requires an even higher standard of pleading. Conspiracy claims "must be pled with some degree of specificity" and "vague and conclusory allegations unsupported by material facts" will not be sufficient to state a claim. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). In order to state a claim of conspiracy, Plaintiff must allege the elements that make up a conspiracy claim: that a single plan existed; that the alleged co-conspirators shared in the general conspiratorial objective to deprive Plaintiff of her constitutional or federal statutory rights; and

---

[4] It is evident that the hearing was not one in which Plaintiff was a party because the Court's records show that Plaintiff had no pending action on that date.

that an overt act was committed in furtherance of the conspiracy that caused injury. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985).

A review of the complaint reveals that Plaintiff has failed to meet the pleading standard required to state a conspiracy claim. Plaintiff's complaint is completely devoid of factual matter that would allow the Court to draw a reasonable inference that Defendants engaged in a conspiracy to deny her entry to the courthouse. Plaintiff does not plead the "specifics" of any alleged conspiracy such as "when, where, or how the defendants conspired." *Perry v. Se. Boll Weevil Eradication Found., Inc.*, 154 F. App'x 467, 477 (6th Cir. 2005). Plaintiff makes only vague and conclusory allegations that she connects to no particular person and which have no underlying factual support.

Finally, Plaintiff alleges that Defendants "systematically illicitly engage in Intimidation, harassment, threats, coercion, and interference with" her access to the courts. The complaint is also devoid of any facts to support how any Defendant engaged in any such conduct. Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty. Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

For the foregoing reasons, the Court find that Plaintiff's claims under federal common law must be dismissed for failure to state a claim upon which relief may be granted.

### *B. Administrative Claims*

Plaintiff next alleges a violation of 5 C.F.R. § 2635.704–05. Part 2635 of Title 5 of the Code of Federal Regulations concerns ethical standards for employees of the executive branch. Defendants are district court and magistrate judges and are not employees of the executive branch.

In any event, the regulation explicitly states that no private right of action allows plaintiffs to enforce or obtain relief for any violation of these ethical standards. 5 C.F.R. § 2635.106(c) (violation of Part 2635 "does not create any right or benefit, substantive or procedural, enforceable at law by any person against the United States, its agencies, its officers or employees, or any other person"); *see also Kubin v. Abode Servs. Agency*, No. 18-cv-00658, 2018 U.S. Dist. LEXIS 21918, at *11 (N.D. Cal. Feb. 8, 2018) ("[T]here is no private right of action to enforce or obtain relief for any violation of these ethical standards."). These claims will be dismissed for failure to state a claim.

### *C. Fourth Amendment claim*

Plaintiff also alleges a violation of the Fourth Amendment. The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Court can in no way discern how the Fourth Amendment applies to Plaintiff's allegations. To the extent Plaintiff alleges that Defendants "seized and deny Ms. Atkins entry to the entire public Federal Building," Plaintiff has no property or possessory interest in the courthouse which would invoke the Fourth Amendment's protections. *See Soldal v. Cook Cty., Ill.*, 506 U.S. 56, 61 (1992) (holding that a constitutional "seizure" occurs when "there is some meaningful interference with an individual's possessory interests in that property") (internal quotation marks and citation omitted). Therefore, this claim will also be dismissed for failure to state a claim.

### *D. Claims under criminal statutes*

Plaintiff also alleges violations of various criminal statutes which do not give rise to any private civil cause of action. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."). "Where a statute does not include this sort of explicit 'right- or duty-creating language,' [courts] rarely impute to Congress an intent to create a private right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002); s*ee also, e.g.*, *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that plaintiff had no private right of action under either criminal statute 18 U.S.C. §§ 241 or 242). To the extent Plaintiff's citation of criminal statutes might be read to seek the initiation of criminal charges, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors[.]" *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case[.]"); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). Consequently, Plaintiff's claims based on these statutes will be dismissed for failure to state a claim.

### *E. Claims under other federal statutes*

Plaintiff also cites 5 U.S.C. § 2302(b)(9)(D) and § 3110. Title 5 of the U.S. Code deals with "Government Organization and Employees." Section 2302(b)(9)(D) prohibits an employee "who has authority to take, direct others to take, recommend, or approve any personnel action, . . . [to] take or fail to take, or threaten to take or fail to take, any personnel action against any employee or applicant for employment because of … refusing to obey an order that would require the

individual to violate a law, rule, or regulation[.]"  Section 3110 deals with restrictions on employing relatives.  Plaintiff does not explain how either statute applies here, and she fails to support her legal conclusion with factual allegations.  *See Iqbal*, 566 U.S. at 679.  Therefore, these claims must be dismissed.

Plaintiff also cites 31 U.S.C. § 3729, the False Claims Act.  This statute permits either the Attorney General or a private party to initiate a civil lawsuit alleging fraud on the government.  31 U.S.C. §§ 3729-3733; *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005).  Plaintiff does not allege that a fraud has been perpetrated *on* the government.  Therefore, this claim must also be dismissed for failure to state a claim.

### *F. Claim of unauthorized practice of law*

Plaintiff alleges that "Defendants' clerks allege they SCREEN pro se litigants' Complaints, do rejection/dismissal, prior to or before even allowing the Complaint to be filed with an Article III U.S. District Judge Court.  That appears to be engaging and practicing Law."  Compl. ¶ 54.  She further assert that "Defendants appears to be engaging in SCREENING of Pro Se Indigent Litigants' Complaints and doing arbitrarily denials contrary to the laws of these Litigants' access to the courts.  She cites 28 U.S.C. § 955, which states that "[t]he clerk of each court and his deputies and assistants shall not practice law in any court of the United States."  As stated above, when a plaintiff is proceeding *in forma pauperis*, a district court is required to conduct an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore*, 114 F.3d at 608-09.  That initial review is done, as is the case here, through a memorandum opinion and order entered by the judge presiding over the action.  Plaintiff does not explain how this amounts to the unauthorized practice of law.  Nor does he state how it creates a right to file a civil suit on that basis.  *See Zorn v. Vermont*, No. 1:11-cv-221-JGM, 2011 U.S. Dist. LEXIS 116374, at *8 n.2 (D. Vt. Oct. 6, 2011) (finding no

authority for a private right of action under § 955). This claim will also be dismissed for failure to state a claim.

### G. Claim under 42 U.S.C. § 1981

Plaintiff also cites 42 U.S.C. § 1981. Section 1981(a) of Title 42 of the United States Code provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

The statute prohibits forms of racial discrimination. *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 608–10 (1987). The elements of a claim under § 1981 are: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute[.]" *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2nd Cir. 1993) (per curiam). Further, the alleged discrimination must have taken place as a result of Plaintiff's race. *Id*. at 1088. Here, Plaintiff does not allege anywhere in her complaint that the alleged wrongdoing was based on her race, or even what her race is. Consequently, this claim must be dismissed for failure to state a claim.

### IV.

For the foregoing reasons, the Court will, by separate Order, dismiss this lawsuit.

Date: August 2, 2021

*[signature]*
Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
A961.010